

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

June 28, 1947

Honorable W. E. Barron
District Attorney
12th Judicial District
Grimes County
Navasota, Texas

Opinion No. V-269

Re: Qualifications of
Veterans' County
Service Officer

Dear Sir:

Your request for an opinion is in part as follows:

"I would like an opinion from your Department on the following questions:

"1. Is a person qualified for appointment to the Office of Veterans County Service Officer if he has not had as much as sixty days service in the Armed Forces?

"2. Should you hold that such person is not qualified to fill the office and the length of his service is known to the Commissioners Court, would the payment made to him by the Court be an illegal expenditure of County funds?"

Section 2 of Article 5798a-2 reads:

"Such Veterans County Service Officer and/or Assistant Veterans County Service Officer shall, if so appointed, serve for the remainder of the current county fiscal year during which they are appointed and thereafter shall be appointed for and serve for a term of two years, unless sooner removed for cause by the appointing authority. Such Veterans County Service Officer and such Assistant Veterans County Service Officer shall be qualified by education and training for the duties of such office. They shall be experienced in the law, regulations and rulings of the United States Veterans Administration

controlling cases before them, and shall
themselves have served in the active mili-
tary, naval or other armed forces or nurses
corps of the United States during the Span-
ish American War, World War I, or World War
II, for a period of at least four months,
and have been honorably discharged from such
service. Such persons shall have had at
least two year's experience as a Service Of-
ficer in a nationally recognized veterans
organization engaged in service work to vet-
erans, as defined by the United States Vet-
erans Administration, either as a Post,
State, Department, or National Service Of-
ficer, which shall be evidenced by a state-
ment of qualifications filed by the individ-
ual seeking appointment, with the County Com-
missioners Court, upon forms supplied by the
Veterans State Service Officer of the State
of Texas, which shall be certified to by the
State Commander of the veterans organization
to which such applicant shall belong, or shall
have had one year's experience as a County
Service Officer or Assistant County Service Of-
ficer, or shall have been given a certificate
by the Veterans State Service Officer, who is
hereby authorized to prescribe the training
and qualifications required for the issuance of
such certificate. A statement showing that ap-
plicant possesses one or more of the above
qualifications, accompanied by supporting cer-
tificate, shall be filed with the County Com-
missioners Court at, or before the time said
appointments are made, and the filing thereof
shall be a condition precedent to such appoint-
ment." (Emphasis ours).

This Office in Opinion No. 0-6489 construed
this Article to mean that regardless of the other qual-
ifications an applicant for the office of Veterans'
County Service Officer may possess, if he has not serv-
ed in the active military, naval or armed forces during
the Spanish-American War, World War I or World War II
for a period of at least four months, he would not be
eligible for the position of Veterans' County Service
Officer or Assistant Veterans' County Service Officer.
We are enclosing a copy of this opinion. This answers
your first question in the negative.

34 Texas Jurisprudence 618, Sec. 164 reads in part as follows:

"A person may be a de facto officer though he is ineligible to the office in which he functions. . ."

The case of Bell vs. Faulkner, 19 S.W. 480, by the Supreme Court of Texas, held that a clerk of an election who was a minor, under 21 years of age, and not entitled to vote was nonetheless a de facto officer and his ineligibility to hold the office would not render the election void.

In Germany vs. State, 3 S.W. (2) 798, the Court of Criminal Appeals, speaking through Judge Christian, said:

"A person may be a de facto officer though ineligible to such office. Broach v. Garth et al. (Tex. Civ. App.) 50 S.W. 594; Graves v. M. Griffin O'Neil & Sons (Tex. Civ. App.) 189 S.W. 778."

Next, let us consider the definition of a de facto officer. Mechem on Public Offices and Officers at Page 212, Section 317 reads as follows:

". . . Lord Ellenborough defined an officer de facto to be 'one who has the reputation of being the officer he assumes to be and yet is not a good officer in point of law;' and this definition has, in substance, been adopted by the majority of the cases, and the necessity for a color of election has not been affirmed, so far as the rights of third persons are concerned."

Throop on Public Officers, defines a de facto officer on page 586, Section 622 of his work as follows:

"In general, it may be said, that where the question arises, as to the validity of the exercise of a particular power the officer de jure is one who, at the time of such exercise had the right to the office, but was kept out of possession thereof, and who has since established his right; while the officer de facto is the one, who exercised

the power, being then in possession of
the office under color authority, but
without actual right thereto. And the
general rule is, that the exercise of
a power by the officer de facto, which
lawfully pertained to the office of
which he had possession, is valid and
binding, where it is for the interest
of the public, or of any individual,
other than the officer himself, to sus-
tain the officer's act; but where the
officer himself founds a right upon such
exercise, either personally or officially,
it is not valid in his favor."

From the foregoing authorities and defini-
tions the Veterans Service Officer in the instant case
is unquestionably a de facto officer. The next ques-
tion for our consideration is whether payments made to
him will constitute an illegal expenditure of county
funds.

The general rule laid down in 93 A.L.R. 266
is as follows:

"There is considerable authority to
the effect that a de facto officer who,
pursuant to apparent authority and in good
faith, has performed the duties pertaining
to the office, may, in the absence of a de
jure claimant, enforce payment by the pub-
lic of the compensation to which an incum-
bent of the office is entitled for services
performed or duties fulfilled."

This Annotation in A.L.R. cites two Texas
cases adhering to this rule and discusses them on page
268 in the following language:

"In Houston v. Albers (1903) 32 Tex.
Civ. App. 70, 73 S.W. 1084, it was held
that a policeman who remained in the
service of the city after the term for
which he had been appointed expired, with-
out reappointment, and continued to act
and be recognized by the city in his of-
ficial capacity, was, as a de facto officer,
entitled to compensation for services render-
ed the city and accepted by it. . . . When,

however, the city ceased to recognize him
as a de facto officer, and refused to per-
mit him to discharge the duties of police-
men, it incurred no liability for any sal-
ary that he might have earned had he been
allowed to continue in the discharge of the
duties of his office.' Compare San Antonio
v. Coultress (1914; Tex. Civ. App.) 169 S.W.
917, as cited supra, subd. III. And in Uhr
v. Brown (1916; Tex. Civ. App.) 191 S.W.
379, the court recognized that it had been
held that a de facto officer can demand pay
for his services where there are no de jure
claimants."

It therefore follows that since the Veterans
Service Officer is a de facto officer and the county
has received the benefits of his endeavors as such, pay-
ments heretofore made to him would not be an invalid ex-
penditure of county funds.

Future payments to be made such officer pre-
sents another question. A method by which payments
may be stopped is by a Quo Warranto proceeding brought
against such Service Officer under Article 6253, V.C.S.

The District Attorney of the 12th Judicial
District of Texas or the County Attorney of the proper
county may therefore file an information in the nature
of a Quo Warranto proceeding in the District Court
against the said Veterans Service Officer to test his
actual right to hold such office, and the County
Treasurer may withold his salary pending the outcome
of the proceedings. (Art. 1713 V.C.S.)

Your second question is answered in the nega-
tive with suggestion of a proper remedy.

## SUMMARY

A person is not qualified for appointment
as Veterans' County Service Officer by a Com-
missioners' Court unless he has served in the
active military, naval or armed forces during
the Spanish-American War, World War I, or
World War II, for a period of at least four
months, regardless of his other qualifications.
(Sec. 2, Art. 5798-a-2, V.C.S., Attorneys
General's Opinion No. 0-6489).

Although a Commissioners' Court appoints an ineligible person to the office of Veterans' County Service Officer, if he performs services as such, he is a de facto officer and payments made to him do not constitute an illegal expenditure of county funds. (34 Tex. Jur. 618; 93 A.L.R. 266). The proper method to oust an ineligible person from such office is by Quo Warranto proceedings brought by the District Attorney or County Attorney of the proper county. (Art. 6253 V.C.S.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Robert A. Hall_

Robert A. Hall
Assistant

RAH/lh

APPROVED:

_Price Daniel_

ATTORNEY GENERAL